■ In the Matter of the Claim of FANNY BAUMSTEIN, Respondent, against SIEGEL & ALENIKOFF, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Two questions arise on this appeal from an award of death benefits: (a) whether there was sufficient proof of an industrial accident; and (b) whether the injury sustained had any causative relation to the death. The decedent, who was a tailor, concededly fell while at work and sustained an injury to his head in the nature of "a laceration of the skull" for which he received hospital treatment including six stitches to the scalp. There are hearsay statements made by the decedent that he struck his head on his machine as he fell. The problem is whether these statements are corroborated by "circumstances or other evidence" (Workmen's Compensation Law, § 118). During his lifetime he filed a claim for compensation in which he first described the accident: "Left foot caught between treadle and stand of sewing machine, fell and hit head on floor". Ten days later he filed an amended claim in which he said that he "Caught foot, stumbled,

fell, striking head on machine ". Either statement of fact, however, describes an industrial accident. It is not directly argued by appellant that the formal claim filed by a deceased employee is not to be taken as some " other evidence " in corroboration of his hearsay; it is argued rather that these conflicting statements are not worthy of credit and acceptance. Such a formal claim is not in itself hearsay, and if credited, may be treated as some " other evidence " in the direction of corroboration. There is medical opinion to the effect that the location of the laceration in the skull suggests that decedent fell against a machine or other object. On the whole we think there is sufficient other proof to support the hearsay that the physical environment of the work played a part in the injury. The association of the injury with the death which occurred nine months later due to a malignant brain tumor, is, however, a much closer issue. But there is proof that from the time of the injury to his death there were continual brain and neurological symptoms; and there is medical opinion to the effect the injury accelerated the progress of the disease in some degree and thus advanced the time of death. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.